## No. 10,805.

### AMELIE LAPLACE VS. JOHN LAPLACE ET ALS.

Tax mortgages, privileges and liens are not such incumbrances as are contemplated in Art. 684, C. P.

Laplace vs. Laplace et als.

Where there are notes secured by the same mortgage, and one is paid under an agreement that the party who advances the money to pay it shall have a preference over the original holder of the note, this agreement does not give the transferee any preference over the holders of the other notes, other than the party transferring it.

APPEAL from the Eleventh District Court, Parish of Natchitoches. Pierson, J.

*Scarborough & Carver* for Plaintiff and Appellee:

### ON MOTION TO DISMISS.

1. Where the appeal is taken by petition out of court, citation is necessary. 581, 582, C. P.

2. An appeal bond which does not secure the costs of both courts is fatally defective, and the appeal will be dismissed. C. P. 578, 579; 33 An. 421; 4 An. 3; 13 An. 417; 28 An. 805.

### ON THE MERITS.

3. Article 684, C. P., which denounces nullity against a sale under execution where the bid does not exceed the mortgages, having a preference over the seizing creditor, has exclusive reference to prior conventional and special mortgages. 38 An. 470.

4. It does not refer either to general legal mortgages or to concurrent special mortgages. 38 An. 470; 6 R. 103; 16 L. 171.

5. The mortgage note in this case was no bar to the adjudication, because (1) it was paid; (2) if not paid, it bore not a prior but a concurrent mortgage. 6 R. 103; 16 L. 171.

6. Taxes of 1881 to 1888 are not secured by a privilege, but only by a legal mortgage. 41 An. 133; Acts of 1880, p. 95; 1882, p. 130; 1886, p. 145.

7. Tax mortgages do not affect third persons unless recorded. Const. 1879, Art. 176.

8. Tax mortgages, even when recorded, present no bar to an adjudication under Art. 684 C. P., because they are legal and general mortgages, and that Article has reference only to special and conventional mortgages.

9. Where taxes do bear a privilege, this is prescribed (if unrecorded) in 3 years. Const. 1879, Art. 176; 36 An. 767; 40 An. 586; 42 An. 433.

10. Enough of the taxes and their securities in this case were prescribed to reduce the remainder so low as that the sum of same added to the $183.33 note was less than $400.

11. Taxes are not such privileges and mortgages as are contemplated by Art. 684 C. P., and hence these encumbrances do not in any case bar an adjudication for less than their amount.

12. If the seizing creditor be a vendor, he may require a sale at any price and is exempt from the rule laid down in 684 C. P. See 685 C. P.

13. The lessee can not dispute the title of the lessor.

14. The proof of error or duress must be clear and positive to relieve parties from the effects of their acts.

· *Cunningham & Tucker* for Defendants and Appellants:

Property can not be properly adjudicated at sheriff's sale, unless the price bid exceed the amount of anterior privileges and special mortgages. C. P. 683, 684.

The law makes it the duty of the sheriff to pay all taxes due on the property at the date of sale. 17 An. 44.

A mortgage in favor of which the seizing creditor has agreed to waive and concede priority is an "anterior" mortgage, although in the same act and originally concurrent with that of the seizing creditor. 40 An. 479; 15 An. 630; 2 An. 617.

Property can not be validly sold at sheriff's sale for less than the amount of a prior and superior mortgage, and anterior privileges, although such prior and superior mortgage be given in the same act with that of the seizing creditor 15 An. 630.

Property can not be validly sold at sheriff's sale unless the price bid exceed the sum of the costs, taxes and anterior privileges and special mortgages, so that the seizing creditor realize something upon his debt. C. P. 683, 684; 1 N. S. 600; 4 N. S. 162; 7 R. 406; 1 An. 32, 330, 426; 7 An. 593; 9 An. 216, 214 10; An. 645; 10 R. 110.

A vendor who binds herself to pay her share of the taxes can not foreclose her mortgage against the property without complying with her obligation, and relieving the property of the incumbrance.

More particularly can she not do so when the property has been sold and adjudicated to the State for non-payment of the taxes, and the ostensible title is therefore in the State at the time of the sale.

---

The opinion of the court was delivered by

McENERY, J. The plaintiff and the defendants owned in indivision certain property in the parish of Natchitoches. They made an amicable division of said property, and in order to equalize amounts the defendants executed in favor of plaintiff their two notes *in solido*—one for $183.33, due September 1, 1887, and the other for $366.67, due July 18, 1888, and secured the same by mortgage and vendor's privilege on the property received by them in the partition.

The first note was paid to plaintiff. It was agreed between the parties that in case "it became necessary for them (mortgagors) to borrow money, she (plaintiff) hereby agrees to waive her mortgage in favor of the party from whom said money is borrowed, said money to be borrowed not to exceed $250."

A like waiver was made in case it was necessary to borrow money to pay the second note. Each party also agreed to pay his share of the taxes and costs of partition. All the taxes were not paid, and the property, or portion of it, was sold to the State and redeemed by the mortgage creditor.

The second note not having been paid, the plaintiff foreclosed the mortgage and the property was adjudicated to her. The defendants refused to deliver possession of the property. Hence this petitory action.

In their answer the defendants allege that the property did not sell for a sufficient amount to pay the special mortgage and privilege existing on the property, prior in rank to the seizing creditor's special mortgage and vendor's privilege. For this reason they allege the absolute nullity of the adjudication to plaintiff.

The prior special mortgage claimed to exist on the property is the waiver of the mortgage rights in favor of the party lending money to pay the first note. It is claimed that the defendants borrowed the money to pay the first note.

The two notes were secured by the same mortgage. They were concurrent. The property was sold under the mortgage which secured both notes. The mortgage is indivisible, and the transfer of the note to the party lending the money did not create any special mortgage, separate and apart from the mortgage securing it. The effect of the agreement was, out of the proceeds of sale, to give the party taking up the note a preference over and above that of the seizing creditor. If the second note had been transferred to a different party who advanced the money, the holder of the first note would not have a preference over him.

They would both be protected equally by the mortgage securing both notes.

Hence the transfer of the first note did not give it any greater privilege or a higher rank than the mortgage securing it. The only effect of the transfer or sale of the note was to give it a preference in the proceeds of the sale of the property over the party transferring it, and who at the time held the other concurrent mortgage note.

The privileges and mortgages contemplated by Article 684 of the Code of Practice do not include taxes. The law which declares that the tax mortgage, privilege and lien shall prime and outrank all other mortgages, privileges, liens and encumbrances, means that they shall in no way bar the collection of the tax. No right asserted under them can resist the tax which rests upon the property.

The collection of taxes is controlled by special laws.

Non-payment of the tax did not invalidate the sale or adjudication. Pasley vs. McConnell, 38 An. 470.

But the sheriff is bound to pay the tax before making the tax deed. The course pursued by the sheriff in this case was in accordance with that of the sheriff in the case of Friedlander vs. Bell, 17 An., p. 42. He adjudicated the property and paid the taxes from the amount paid by the adjudicatee before making the deed to the property.

The law requires the sheriff to see that the taxes are paid on immovable property before he executes any act for the sale or transfer of the property. The tax ought to be paid before the adjudication as this act transfers the title to the property.

This law, R. S. 3615, which has been continued in the several revenue laws, contemplated that the taxes shall be paid before the adjudication of the property. Therefore the tax is not such a mortgage or privilege resting on the property, on the day of sale, as to require a bid to reach the amount in addition to special mortgages and privileges, prior to that of the seizing creditor. If the sheriff fails to collect the tax himself, or is not furnished with the evidence of its payment, he must pay it out of the proceeds of the sale of the property regardless of the amount for which the property sold.

The State nor the municipality can in the first instance institute suit to enforce the tax mortgage or privilege. It has, therefore, nothing in common with the mortgages and special privileges contained in Art. 684 of the Code of Practice.

In the instant case the seizing creditor was the vendor of the property, and this privilege was secured by the act of mortgage. The plaintiff had the right to require that the property be sold at any price to pay him. C. P. 685.

There was an agreement after the sale to pay five dollars per month rent for the property by the defendants. This was urged as estoppel against defendants. It was a sufficient plea; but under the peculiar circumstances under which the lease was made, we have not felt authorized to enforce it against them.

Judgment affirmed.