(53 South. 969.)

No. 18,051.

PERTUE v. LOUISIANA–WESTERN R. CO.

(Jan. 3, 1911.)

*(Syllabus by the Court.)*

RAILROADS (§ 278*)—INJURIES TO LICENSEES —PERSONS WORKING ON CARS — CONTRIBUTORY NEGLIGENCE.

Plaintiff, being engaged in unloading a car of rough rice in sacks, and remaining in the car after he had been warned of the approach of a switch engine and of the purpose to move the car, was guilty of negligence, which precludes the recovery of damages for an injury sustained by the falling on him of some of the sacks of rice, as a consequence of the impact against the car of the switch engine, or of a car pushed by the switch engine.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 895; Dec. Dig. § 278.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by James Pertue against the Louisiana-Western Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Taylor & Gremillion, for appellant. Story & Pugh, for appellee.

MONROE, J. Plaintiff, employed at a rice mill in Crowley, being in a car, in which there was a pile of rough rice in sacks, was

injured by reason of the fact that an engine, belonging to defendant and engaged in switching, pushed another car against the car in question, causing several of the sacks of rice to fall on his leg; and he sues for damages.

The facts of the case, as we understand them, are as follows:

A car of rough rice, in sacks, had been placed on the switch, or side track, of the mill, about 125 or 150 feet to the westward of the east end of the mill, or mill warehouse, and James, the manager, had instructed plaintiff and his working partner, Johnson, to unload the rice onto the platform, whence it was to be carried into the warehouse. Acting under those instructions, the men opened the car, put up a gangplank from the platform to the car door, and proceeded with the work of unloading. In a little while, however, after a few truck loads of rice had been unloaded, James observed that a switch engine was approaching, and, realizing that the purpose was to move the car in question, he instructed Johnson and Pertue to move the gangplank, in order to keep it from being broken, which they proceeded to do. James and Johnson then went into the warehouse in order to select a place to put the rice, and Johnson to get some nails to drive into the platform, to hold the end of the gangplank, when it should be replaced; but Pertue got back into the car, and about that time (or, at all events, before the collision), Heffner, defendant's yardmaster, notified him that the car was about to be moved. There is some uncertainty as to whether the accident occurred just then and there, or whether it occurred a few minutes later, upon the occasion of a second contact between the car the engine was pushing and the car in question, and at a point near the east end of the warehouse, on Parkerson avenue; but we think it unnecessary to go into the details of that question. Plaintiff was an experienced hand, and had been working about the mill for 12 years or more. He knew that the order to remove the gangplank, while he was engaged in unloading the car, meant that some switching, or movement, of the car was about to take place, and, as James gave the order, because he saw the switch engine approaching, we do not see how plaintiff could very well have avoided seeing as much, whilst he was obeying the order. Moreover, the testimony to the effect that he was then notified that the car was to be moved is quite positive, and is given by several witnesses. If it be true that the accident occurred after the car had been moved from its original position, and on the occasion of the second contact, the situation becomes all the worse for the plaintiff. The judge a quo heard and saw the witness, and, evidently, reaching the conclusion that plaintiff brought about his injury, which was not very serious, by his own negligence, rejected his demand.

We find no error in the judgment, which is accordingly

Affirmed.