(62 South. 639.)

No. 19,802.

STATE ex rel. UNION CENT. LIFE INS. CO. v. DUNN, Sheriff.

(June 9, 1913.   Rehearing Denied June 30, 1913.)

*(Syllabus by the Court.)*

1. TAXATION (§ 531*)—PAYMENT OF TAXES—RIGHTS OF PERSONS MAKING PAYMENT—ORDER OF COURT.

Where one who has paid the taxes on property in which he has an interest, and has been duly subrogated to the rights of the state, claims the right to be paid by the sheriff out of the proceeds of the sale of the property, .the sheriff is without right to pay the subrogee without an order of court, but the subrogee is entitled to such an order of court when he makes timely demand.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 986, 987; Dec. Dig. § 531.*]

*(Additional Syllabus by Editorial Staff.)*

2. MANDAMUS (§ 153*)—INTERVENTION.

In mandamus against a sheriff to compel him to make and file for record a sheriff's deed, persons interested in the property, and who have paid taxes thereon and received certificates of subrogation, are entitled to intervene for the purpose of objecting to the issuance of a writ until their claims are satisfied.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 294, 295; Dec. Dig. § 153.*]

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdell, Judge.

Action by the State, on the relation of the Union Central Life Insurance Company, against W. E. Dunn, sheriff, in which the First National Bank of Lake Providence and Herman Stein intervene. From a judgment for defendant, relator appeals. Affirmed.

Stubbs, Russell & Theus, of Monroe, for appellant.   C. S. Wyly, of Lake Providence, for appellee Dunn.   Snyder & Gilfoil, of Lake Providence, for intervening appellees.

BREAUX, C. J.   Plaintiff asks for judgment, ordering a peremptory writ of mandamus to issue directing the sheriff to make and file for record a sheriff's deed or procès verbal of sale of property described in the petition of the Union Central Life Insurance Company, a corporation.

On the 19th day of October, 1912, in suit entitled Union Central Life Insurance Co. v. A. M. Nelson, the sheriff, under a writ of seizure and sale, sold the lands and improvements of defendant Nelson. The plantation seized is known by the name of "Larche." The property was adjudicated for $3,200 to relator, who tendered to the sheriff the amount of $116.54, being the sum due for costs of the suit, together with the taxes for 1912.

The relator demanded of the sheriff a procès verbal.

The sheriff refused to make a deed to relator for the reason that plaintiff in foreclosure, and relator here, refused to pay the taxes due on the property represented by tax subrogations, uncanceled as per the mortgage certificate furnished to him in the foreclosure, and that he is prohibited from making deed to the property until all the taxes due on the property have been paid; that the holders of the tax subrogations have

demanded of him the amount due on these subrogations.

The First National Bank of Lake Providence alleged that it is interested in the suit, desires to become a party by uniting in the defense with the sheriff in resisting the claims of the plaintiff.

It claims that on the 20th of May, 1911, it paid to the sheriff the amount of taxes assessed against the Larche plantation for the year 1910, then delinquent, amounting to $167.65; that it was a creditor of A. M. Nelson, the owner at the time, and that it is legally subrogated to the rights, liens, and mortgages of the state of Louisiana of the parish of East Carroll and the Fifth Louisiana levee district by an act of subrogation recorded in the mortgage record book; that it demanded payment of these taxes of the sheriff.

The sheriff, not having been paid the taxes, cannot pay the intervener.

This intervener joins the defendant, and insists that relator is not entitled to a deed until it pays into the hands of the sheriff the amount of taxes due for the year 1910.

Herman Stein, another creditor of A. M. Nelson, intervened, alleged that he paid the taxes assessed against the Larche plantation for the year 1911, then delinquent, and his claims for that year are substantially the same as to the taxes of that year as that of the First National Bank of Lake Providence, intervener, for the taxes assessed in 1910.

The relator appeared by counsel and filed an exception to each intervention of no right or cause of action; if overruled, then appearer for answer to the demands of interveners pleaded a general denial.

The sheriff answered the interventions, and admitted that the allegations are correct.

The judge of the district court decided that the sheriff correctly refused to make a sheriff's deed to the Union Central Life Insurance Company until the taxes for the year 1910, paid with subrogation by the First National Bank of Lake Providence, together with interest and costs, were paid to that bank, and the taxes for the year 1911 were paid with subrogation to Herman Stein, also interest and costs, and the taxes for 1909, paid by Robert Nicholson with subrogation, interest, and costs, are also paid. Nicholson held a certificate showing that he had paid the taxes for 1909, but he did not intervene.

With reference to the interventions: The district court held that generally interventions should not be allowed in mandamus proceedings, but in his opinion this is a case in which an exception should be made to that rule, for interveners are interested in joining defendant in resisting the claim of the plaintiff; that it would only result in preventing the possible multiplicity of suits.

The Union Central Life Insurance Company, adjudicatee of the property at sheriff's sale, appealed.

There are no disputes about the facts; the issues are of law.

The taxes were due at the time; those who paid them were not volunteers, but had sufficient interests to justify them in paying the taxes; the subrogation in due form was executed at the time that payment of the taxes was made by these creditors, and subrogation was taken by them to the "right, lien, and mortgage of the state."

The right to subrogation is expressly authorized by the statute.

The question is, Do the subrogees who here filed third application hold a tax claim?

The language of the act is very clear.

The sheriff had authority to receive the taxes from the creditors by whom they were paid, and give them a full subrogation at the time that the taxes were paid.

The certificate of mortgage furnished him

for the foreclosure sale recited the taxes that had not been paid, including those held by the creditors under transfer with subrogation.

The act authorizing subrogation was interpreted in Abbott v. Heald, 127 La. 722, 55 South. 28, in which the court recognized the right of the subrogee to the payment of the tax from the proceeds of the sale. True, the question of the extent of the right was not pressed upon the attention of this court; none the less the text sustains the right of the subrogee.

It is the duty of the sheriff to pay the taxes due on the property. Friedlander v. Bell et al., 17 La. Ann. 42.

This is reiterated in Laplace v. Laplace, 43 La. Ann. 288, 8 South. 914, from the amount of the adjudication before making the deed to the property.

The tax is taken out of the class of claims which come within the provision of article 684 of the Code of Practice. Durac v. Ferrari, 25 La. Ann. 80.

To be effective, he must stand in place of the creditor. 37 Cyc. 380. Laplace v. Laplace, 43 La. Ann. 288, 8 South. 914.

The transfer was made and the amount is due.

A tax, privilege, and mortgage were recognized in Blair & Co. v. Taylor, 25 La. Ann. 144.

The sheriff pays the amount of the taxes from the proceeds of the sale. Id., supra.

The subrogation is in due form. Section 89 of Act 170 of 1898.

While the subrogee has no right against the state, he has the right to recover the amount of the taxes from the proceeds of the sale when he timely presents his claim.

He asks for a judgment recognizing only that right.

[1] It is not left to the sheriff to determine the nature and extent of his right. He,

133 LA.—8

the sheriff, has no authority of deciding, but the court.

If it be no concern to the state or the sheriff whether the taxes are ever refunded, it is the duty of the court, when the question is presented in due form, to pass upon it.

The property was adjudicated to the seizing creditor; it only remains for him to pay the taxes claimed in the opposition of the subrogee, and deduct them from the amount of the adjudication.

The state owes the parties nothing except natural justice.

The former owner has no interest, nor the adjudicatee; the only office of the sheriff is to hand the amount to the one by whom payment was due.

The purchaser may retain an amount to pay the privileged debts and special mortgages to which the property is subject, enough to pay the privileged debts and mortgages if the creditor does not, as in the present case, intervene. But, if the creditor, as in this instance, obtains an order directing the sheriff to pay from the price of adjudication the amount due and exigible of the opponent, the sheriff should obey the order.

The creditor, Robert Nicholson, did not obtain an order of court to retain the amount upon his petition. If he chooses not to sue for the taxes at this time, his remedy will be against the property.

[2] We agree with the district court that this is one of those cases in which one may intervene, although the proceedings are by mandamus.

For reasons assigned, the judgment of the district court is amended by deducting that part of the judgment which allows to Robert Nicholson the taxes for 1909—the taxes not having been demanded in due form as to him —his right to recover the taxes is reserved. In every other respect the judgment is affirmed, at cost of appellee and appellant in equal proportion.