# SOUTHERN v. CITY OF NEW ORLEANS

___

(February 25, 1929. Opinion and Decree.)
(March 18, 1929. Rehearing Refused.)
(April 22, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

___

Andrew B. Booth, Jr., and M. C. Scharff, of New Orleans, attorneys for plaintiff, appellee.

W. McL. Fayssoux, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, a negro laborer, employed by the U. S. Government in connection with its Mississippi-Warrior Service, brings this suit against the City of New Orleans, for personal injuries alleged to have been sustained while in the course of his employment on the river front, in connection with unloading of sugar from certain box cars on the switching tracks of the Public Belt Railroad.

At the time of the accident, plaintiff was in one of the box cars engaged in the removal of the sugar, when for some reason, a switching operation was commenced, and ended with what is alleged to have been an improper and unneces-

sarily violent stop, causing a loaded trailer, or truck, containing 2500 pounds of sugar, to fall and strike and injure plaintiff.

The defendant challenges the right of plaintiff to be in the box car, and charges him with negligence in that he remained in the car during the switching operation. It is also claimed that the stop was neither unusual, nor violent, but such as is customarily made under similar circumstances.

There was judgment for plaintiff in the sum of $1500.00, and defendant has appealed.

On the first point urged by defendant, to the effect that plaintiff was a trespasser, we find the evidence to be to the effect that it was customary for employees of the Mississippi-Warrior Service, to remain in the box cars of defendant, during unloading and switching operations; that plaintiff had been in the employ of the Government for nearly two years; that it was his duty to remain in the cars. The foreman of the Mississippi-Warrior Service so testified. After the accident suffered by plaintiff, the defendant prohibited all persons from riding in its box cars during switching operations, but there was no objection to the practice before that time.

We are satisfied that plaintiff was not a trespasser, and that he was where he should have been, at the time of the accident, in the proper discharge of his duties, and that he was not negligent.

The cases cited by counsel for appellant, Bollinger vs. T. & P. Ry. Co., 47 La. Ann. Rep. 721, 17 So. 253, 49 Am. St. Rep. 379, 120 So. 34; Petrue vs. La. Western R. Co., 127 La. Rep. 722, 53 So. 969; Morris vs. Great Southern Lumber Co., 132 La. Rep.

307, 61 So. 883, are not apposite here. The plaintiff was a licensee and, according to the custom obtaining, was permitted to ride in the cars during the switching movement.

In Ingram vs. Kansas City S. & G. R. R. Co., 134 La. Ann. 377, 64 So. 146, 50 L. R. A. (N. S.) 688, it was held:

"Where, according to a general custom, newsboys are permitted to ride the street railway cars to sell and deliver papers, a boy is not a trespasser while on a car selling a paper unless the right to remain on the car has been terminated by reasonable notice."

See also Lampkin vs. McCormick, 105 La. 418, 29 So. 952, 83 Am. St. Rep. 245.

As to whether the defendant was negligent in the operation of the train, the evidence is conflicting. All of the train crew testified that the stop was not unusual, not a "bad stop," but a good one. though the engineer admits that it was a "sudden stop."

It is clear, however, that the stop must have been very sudden and violent, because two trucks laden with 2500 pounds of sugar were overthrown, one of which struck the plaintiff in this case, and caused his injury. These trucks were so constructed that an ordinary jolt would only have the effect of moving them sidewise because the front axle was on a sort of swivel permitting free movement in any direction, the rear axle being fixed. Consequently, in addition to the great weight of the sugar, which was on the truck, the mechanical construction was such as to require a very violent jolt, one wholly inconsistent with the careful operation of the train, in order to upset the truck and injure the plaintiff.

We are, therefore, of the opinion that the switching movement was carelessly executed and the train to which the car,

in which plaintiff was riding, was attached, was negligently operated. This is the more evident when it is considered that a similar accident had never occurred, though the same conditions had often obtained.

Plaintiff's injury consisted of a fracture of the elbow. He spent considerable time in the Marine Hospital and when finally discharged had not entirely recuperated. There is medical testimony to the effect that he will not be able to do laborious work. He was earning $4.50 per day and unable to work for considerable time. The amount awarded by the trial court, $1,500.00, meets with our approval.

For the reasons assigned the judgment appealed from is affirmed.