HARDY, Judge
(concurring in part and dissenting in part).
In view of the well established jurisprudence of our courts, which clearly enunciates the general rule that a public official is without interest or right to question the constitutionality of a statute under the provisions of which a duty is sought to be compelled in a mandamus proceeding, I concur in the judgment of this court as set forth in the majority opinion with reference to Suits Nos. 9156, 9158, 9159 and 9162, each of which is entitled Stanley J. Smith, et als. v. Mrs. Mary Flournoy, Registrar of Voters for Winn Parish.
However, I am in emphatic disagreement with the conclusions of the majority in Suits Nos. 9157, 9160 and 9161, in which the registered voters, Almond Nash, Thomas Weston and Arthur Holmes, against whom challenges are sought by relators, have appeared by intervention.
*324 My brethren of this court have concluded that the above named parties are without right to intervene in this mandamus proceeding which, so they conclude, involves solely and exclusively the right of relators to compel the performance of a ministerial duty. In support of this position the majority opinion relies upon the pronouncement of the Supreme Court in the suit of Smith v. Flournoy, No. 44,836, 238 La. 432, 115 So.2d 809, 815.
The opinion of Mr. Justice Hawthorne in the above cited case makes no pronouncement as to the right of intervention, for this issue was not involved. However, it is urged that the following declaration in the opinion must be considered as appropriate to the issue which is clearly presented in the appeal before us in these cases:
“In support of her exception of non-joinder relator contends that the registrants whose right to remain on the registration roll is being challenged should be made parties defendant. There is no reasonable basis for this exception. It is clear from R.S. 18 :- 134 that the only indispensable or necessary party defendant in this suit is the registrar.”
I have no quarrel with the above statement, but I do take violent issue with reliance upon it as ground for refusing the rights of intervenors in these cases. There is an obvious distinction between the interposition of a technical exception of non-joinder by a public official and the positive assertion of a right by an intervenor who is entitled to an adjudication thereupon.
The right of intervention by any party having an interest in a suit needs no discussion. Nor is the right of intervention dependent upon permission of the Legislature granted in the provisions of a particular statute, as declared in the majority opinion. The interest which supports the right of intervention is clearly defined in Article 390 of our Code of Practice, whch reads:
“Interest sufficient to warrant intervention. — In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties to the suit, or an interest opposed' to both.”
In my .opinion, no amount of argument could possibly sustain the denial of the interest of these intervenors. It is specious reasoning to urge that the intervenors have no presently existing rights which are affected. Prior to this action intervenors held the status of qualified voters in Winn Parish. This status is being seriously jeopardized by the action of relators under an asserted statutory authority which inter-venors contend is clearly unconstitutional. Of course, it is true that intervenors’ rights to continue as qualified voters are not precluded by this peremptory proceeding. But, the effect of this action is to place a burden of inconvenience and expense upon inter-venors in the assertion and protection of a right which they contend is not only constitutionally guaranteed but is safe-guarded by constitutional provisions as to procedure.
Nor can it be urged that an intervention does not lie in mandamus actions which exclusively seek to compel the performance of a ministerial duty. In State ex rel. Union Central Life Insurance Co. v. Dunn, 133 La. 221, 62 So. 639, the court specifically recognized and sustained the right of interested persons to intervene in a mandamus proceeding.
If, as in the above case, the pecuniary and property interest of individuals are entitled to protection against the coercion of a mandamus proceeding, it is my belief that the inestimably more precious right to vote, which is the very foundation of all our governmental processes, is entitled to equal protection and assurance.
The far-reaching importance of this decision cannot be over-estimated. It is my fear that the relators, supported by the judgment which is rendered, have forged a weapon which may destroy the very things they seek to preserve.